IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GORDON CASEY CAMPBELL                                                                        PLAINTIFF

V.                                          NO.  3:07cv00196 JMM

AARON DAVIS, et al                                                                              DEFENDANTS

ORDER

On December 21, 2007, Plaintiff, a pro se inmate who is currently confined to the Craighead County Detention Facility on the Craighead County Waiting List, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1).  Plaintiff did not file a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, nor did he pay the $350.00 statutory filing fee.  Since Plaintiff's case must be dismissed, that issue is now moot.

**I.  Background**

Plaintiff alleges that his commitment papers have been lost.  When he contacted the Craighead County Circuit Court Clerk, she told him the papers had been sent to the jail.  On October 26, 2007, Defendant Thessis explained to Plaintiff that his commitment papers had already been sent to the Arkansas Department of Correction ("ADC").  Defendant Davis told Plaintiff to contact his attorney, which he has done.  Plaintiff alleges he has been incarcerated at the Craighead County Detention Facility since July 13, 2007, the date of his arrest.  On October 25, 2007, he was sentenced to twenty-four months in the ADC.  Plaintiff does not understand why people who were sentenced after him keep leaving before him and why he is still in jail when he's already been sentenced.  As relief he requests that the Court locate his commitment papers.  He additionally claims that his

release date has passed, and that he would already be home with his family had the Craighead County Jail not lost his paperwork. He last requests assistance in getting out of jail and back to his family in Pine Bluff.

## II.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

## III.  Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus

is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the fact of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on his continued incarceration at the Craighead County Detention Facility. As relief he requests assistance in getting out of jail and back to his family in Pine Bluff on the grounds that his release date has passed. The fact that he has labeled this a § 1983 action is not controlling. The claim Plaintiff has alleged, if proven, would necessarily result in his release from confinement; therefore, to the extent Plaintiff challenges the fact of his incarceration, his claims are not presently cognizable here. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court declines to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies;

therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

### IV. Conclusion

For the reasons set forth herein:

1. Plaintiff's case against DEFENDANTS is DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM. Plaintiff is in effect challenging the fact of his incarceration; therefore, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.

2. Any pending motions are DENIED AS MOOT.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

IT IS SO ORDERED this 7th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE